# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| Integrated Process Solutions, Inc., | Court File No.: 19-cv-00567 |
| Plaintiff, | Hon. _____ |
| vs. | **[PROPOSED] ORDER ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE** |
| Lanix LLC, Kevin Landsverk, and Dylan Dyke, | |
| Defendants. | |

This matter is before the Court on the motion of Plaintiff Integrated Process Solutions, Inc., ("IPS") for a temporary restraining order pursuant to Fed. R. Civ. P. 65 against Defendants Lanix LLC ("Lanix"), Kevin Landsverk ("Landsverk"), and Dylan Dyke ("Dyke"); an order permitting expedited discovery pursuant to Fed. R. Civ. P. 26(d)(1), Fed. R. Civ. P. 30(a)(2)(A)(iii), Fed. R. Civ. P. 33(a)(1), and Fed. R. Civ. P. 34(b)(2)(A); and an order to preserve evidence pursuant to Fed. R. Civ. P. 26.

Based on a review of the file, record, and proceedings herein, and on Rules 26, 30, 33, and 34, the Court has determined that IPS's Motion for Temporary Restraining Order, Expedited Discovery, and for Preservation of Evidence should be **GRANTED**.

**IT IS HEREBY ORDERED THAT:**

1. Lanix, Landsverk, and Dyke, and all persons in active concert with them, including, without limitation, employees, agents, or representatives of Corval Group, Inc., are hereby enjoined from (a) using and disclosing IPS's confidential and proprietary information; (b) tortiously interfering with IPS's business expectancies with its

customers, clients, and vendors; and (c) misappropriating (including, without limitation, any use or disclosure) IPS's trade secrets.

2. Lanix, Landsverk, and Dyke, and all persons in active concert with them, including, without limitation, employees, agents or representatives of Corval, shall preserve, and not destroy, any evidence relevant to this case, including, without limitation: documents, files and data containing or relating to IPS's confidential, proprietary, or trade secret information, or that relate in any way to the claims alleged in IPS's Complaint or the subject matter of this litigation, or any copies of such documents. If Defendants have multiple copies of particular documents, all originals and copies of such documents will be preserved. Defendants will not destroy, discard, or erase any electronic storage devices where such documents have been stored. Defendants are hereby on notice that any destruction of evidence, including deletion or alternation of emails, text messages, voice messages, files, back-up drives, servers, or any other data or documents, whether in electronic or paper form, may constitute spoliation of evidence and may subject Defendants to sanctions. Defendants' preservation obligations shall include, without limitation, preserving in unaltered state any and all electronic devices which Landsverk or Dyke used at any time since September 1, 2018, or which are in Landsverk's or Dyke's possession, custody, or control.

3. Landsverk and Dyke are hereby ordered, within 24 hours of entry of this Order, to turn over all personal computers, computing tablets, computing notebooks, laptops, cell phones, smart phones, external hard drives, flash drives, electronic data storage devices, and any other electronic devices or devices containing flash memory

capabilities in Landsverk's or Dyke's possession, custody, or control, or that Landsverk or Dyke have used at any time since September 1, 2018 (the "Devices") to IPS. IPS may, at its option, provide the Devices to a third-party computer forensics vendor designated by IPS for forensic imaging and inspection. IPS shall initially pay for the third-party vendor's forensic imaging and inspection of the Devices, but, should any IPS confidential, proprietary, or trade secret information be found to be contained on any of the Devices, IPS shall be entitled to full reimbursement from Defendants for the full cost of the forensic imaging and inspection of the Devices and retrieving its information from such Devices.

4. Lanix, Landsverk, and Dyke each shall file with this Court and serve on IPS's counsel, within seven (7) calendar days after entry of this Order, a written report, signed under oath, setting forth in detail the manner and form in which each of them has complied with Paragraphs 1 through 3 of this Order.

5. Defendants shall (a) provide written, verified responses to the document requests and interrogatories attached as exhibits to the O'Malley Declaration no later than seven (7) calendar days from the date of this Order; and (b) subject to good faith objections on the grounds of attorney-client privilege, produce documents requested in IPS's document requests no later than seven (7) calendar days from the date of this Order.

6. Defendants shall appear for deposition at the Minneapolis, Minnesota, office of Nilan Johnson Lewis PA no later than fourteen (14) calendar days from the date of this Order, after providing full responses to the interrogatories and document requests referenced in the preceding Paragraph.

7. IPS's Motion for Preliminary Injunction shall be heard on _____ at _____, or at the earliest practicable time.

8. This Temporary Restraining Order shall be effective immediately, and no bond shall be required. The Court has considered the issue of whether to require a bond pursuant to Fed. R. Civ. P. 65 and determined that it is not necessary in this case. This Order shall remain in effect until the conclusion of the hearing on IPS's Motion for Preliminary Injunction or the Court orders otherwise, whichever is later.

Dated: _____, 2019 _____
District Court Judge